TYSON, Judge.
The appellant, Dorothy Bell Smith, was indicted for the first degree murder of George Pennington “by shooting him with a .22 pistol.” At trial the jury found the appellant guilty of manslaughter in the first degree and fixed her punishment at ten years in the penitentiary. The trial court then pronounced judgment, setting sentence in accordance with this verdict. The evidence presented at trial disclosed that the appellant and her step-daughter, Shirley Smith, left their home in the early evening of August 16, 1975, and headed for Buddy Pete’s Cafe, which is located a short distance from their Lisman, Alabama home. Sometime after their arrival there, the deceased, George Pennington, entered the cafe, and shortly thereafter a heated argument began between himself and the appellant. Not wanting to “fuss,” the appellant left Buddy Pete’s Cafe and walked with her step-daughter to another “sandwich, whiskey, and beer” establishment, Ellen Bol-den’s Place. There they met a friend, Daisy Coleman, who joined the appellant’s stepdaughter in a dance to the music of the “rock-o-la” while the appellant talked with friends. Thereafter the deceased walked in, sat down at the appellant’s table, and tried to engage in conversation with her. An argument began again between the appellant and the deceased with the appellant insisting that “she didn’t want to talk . ” The appellant got up from the table, told her step-daughter to “let’s go,” and they left (along with Daisy Coleman) walking “up the hill” toward Mitchell’s Cafe where the appellant’s husband, Allain Smith, was present. Upon seeing that the deceased was following them, the appellant told her step-daughter to run ahead and get her father, Mr. Smith. Both the appellant’s step-daughter and Daisy Coleman began running up the hill toward Mitchell’s Cafe, but the appellant yelled for them to come back, stating that it was not necessary that they get her husband. By this time the deceased had “caught up” with the appellant, and according to the testimony of Daisy Coleman and the appellant’s step-daughter, an argument once again began during which the deceased struck the appellant on the head with his fist after the appellant had told him “to go leave her alone.” Daisy Coleman’s testimony revealed the deceased stated to the appellant that, “[either] she was going to kill him that night or . he was going to kill her” just before the appellant pulled a gun from her purse and shot the deceased. The appellant’s stepdaughter’s testimony indicated that the ap *86 pellant fired her .22 caliber pistol when she saw the deceased “go in his pocket for something” just after he had threatened the appellant that, “he was going to cut her throat.”
I
The appellant insists that the trial court committed “ineradicable error” in the instruction to the jury concerning who had the burden of proof in connection with her plea of self-defense. The record recites the objectionable portion of the oral charge as follows:
“As I also told you, the defendant, in addition to the plea of not guilty, has entered a plea of self-defense in this case, which, if proved beyond a reasonable doubt and to a moral certainty in this case, then it would be a complete defense to the charges embraced in the indictment. There has been evidence introduced in this case to the effect that the defendant acted in self-defense.”
[R. p. 91]
The appellant is indeed correct in her contention that the burden is never upon a defendant to prove each element of self-defense “beyond a reasonable doubt and to a moral certainty.” The quantum of proof which a defendant must shoulder after entering a plea of self-defense was noted by Justice Sommerville in Ex Parte Williams, 213 Ala. 121, 104 So. 282 (1925):
“In homicide cases, where self-defense is relied upon — the state having made out a prima facie case of intentional killing by evidence which does not itself tend to show that the killing was done in self-defense — the burden rests upon the defendant to offer some evidence tending to show (1) that he was in actual and imminent danger of death or serious bodily harm, or that he honestly and reasonably believed that he was in such danger by reason of circumstances apparent to him; and (2) that he was apparently unable to retreat in safety, or without increasing his peril.
“The defendant’s burden in this behalf has often been loosely referred to as the burden of proving self-defense, and sometimes as the burden of reasonably satisfying the jury of the existence of the two elements above referred to. But the actual burden is not a burden of proof, in the ordinary sense of the phrase, to establish an issue to the reasonable satisfaction of the jury, but a burden merely of offering enough evidence tending to show these two elements to generate, in connection with all the other evidence, a reasonable doubt of defendant’s guilt of 'the unlawful killing charged. . . . ”
The record reveals that the trial court in the instant case became aware of his erroneous instruction before exception thereto was reserved by the appellant and that the appellant was apparently satisfied with the court’s attempts to correct its prior misstatement of law. We note the first written charge given by the trial court at the appellant’s request with emphasis on the comments which followed:
“When, as in this case, some evidence of self-defense is offered by the defendant, the prosecution must then prove beyond a reasonable doubt that the defendant did not act in self-defense. The defendant, in other words, has no burden to prove that she acted in self-defense, if the evidence has created a reasonable doubt that the defendant did act in self-defense, you must find her not guilty.
“JUDGE HOLLADAY (to Mr. Utsey): Now does that correct that statement that I made earlier that I saw you start writing on?
“MR. UTSEY: Yes, sir, if you will run over it one more time to the jury to be sure that they got it.
“JUDGE HOLLADAY: Of course, if the Court makes a misstatement of law either side, of course the defendant has a right to take exception to it, and of course I recognize that right of the defendant that at any time this Court makes a misstatement of law I think it would be their duty to take exception to the Court’s charge. And if I have made any you can except to it and I will try to correct it.”
[Emphasis supplied] [R. pp. 100-101]
*87 Thereafter the trial court further read to the jury ten of the appellant’s requested charges which correctly explained the law of self-defense and stressed that the burden of proof is never cast on a defendant when he relies on self-defense as a justification of his actions. Moreover, at the conclusion of the trial court’s entire charge, the following remarks were made by the trial judge to the jury before they retired to deliberate their verdict:
“JUDGE HOLLAD AY: Ladies and gentlemen, I am going to, with an abundance of caution in this case, will tell you that the burden of proof is never on the defendant in this case. If I said anything that gave you the idea, I think that at one point there I might have possibly stated in a manner that might have given you the idea that I was telling you that the burden was on the defendant in this case to satisfy you beyond a reasonable doubt and to a moral certainty some point. Now, the burden of proof is never on the defendant. The burden of proof is even as far as offering evidence of self-defense. The matter of self-defense can be brought up by evidence put on by the State of Alabama, but the burden of proof is never cast upon the defendant in this case, which I charged. If you want to take an exception after the jury retires, I will hear you.”
[R. p. 106]
We are of the opinion that the erroneous portion of the trial court’s oral charge was rendered innocuous by the court’s subsequent curative action. Richardson v. State, 39 Ala.App. 207, 98 So.2d 59 (1957); Smith v. State, 262 Ala. 584, 80 So.2d 307 (1955). We are not unmindful of the confusion which may be generated when a jury is given conflicting instructions on a proposition of law, but we are certain in the instant case that the conflict as to where the burden of proof on the issue of self-defense rested was ably clarified by the trial court. See Lester v. State, 270 Ala. 631, 121 So.2d 110 (1960). Therefore in rejecting the appellant’s contention that the misstatement of law made by the trial judge in his oral charge constituted “ineradicable error,” we conclude by noting the observation of Chief Justice Stone in Booker v. The State, 76 Ala. 22:
“ . . . Illegal evidence admitted, and afterwards distinctly and clearly withdrawn from the jury, presents no reversible error; and all will admit that in such case, the jury is much more likely to be biased, than they would be by an error in charging, but afterwards corrected
Having carefully reviewed this entire record, as required by Title 15, Section 389, Code of Alabama 1940, and finding it to be free from error, the judgment of the trial court is due to be and is hereby
AFFIRMED.
DeCARLO and BOOKOUT, JJ., and BOWEN W. SIMMONS, Supernumerary Circuit Judge, concur.
HARRIS, J., concurs in result.
CATES, P. J., not sitting.