The indictment charged that "William T. Allen, alias William Thomas Allen [the appellant] unlawfully and with malice aforethought did assault Llewellyn Sanders with the intent to murder him."
The appellant was tried by a jury and convicted of "assault with intent to murder, as charged in the indictment," and sentenced by the trial court to 10 years' imprisonment.
Early on Sunday, May 7, 1978, at approximately 2:00 a.m., the appellant and several of his friends drove into a "convenience store" parking lot and asked the victim, Llewellyn Sanders, if he knew where they could buy some beer. Words were exchanged and a confrontation between the appellant and Mr. Sanders ensued, during which Mr. Sanders received a deep knife wound to the abdomen.
The facts surrounding the stabbing incident are in sharp conflict.
Mr. Sanders, the victim, testified that he told the appellant he could not buy beer on Sunday at which point the appellant exited his car, staggered toward him and sort of fell into him, stabbing Mr. Sanders in the stomach. Mr. Sanders explained that he never saw the appellant's knife and that the whole incident took him by surprise. He also testified that he was unarmed.
The appellant and one of his passengers that night testified that the appellant merely defended himself when Mr. Sanders "cussed" the appellant and came toward him with a knife. Both of these defense witnesses were of the opinion that the stabbing was justified in self-defense. Neither, however, convincingly explained why appellant left his automobile in the first place, and why he did not return to the car when he saw the victim, allegedly, pull a knife.
The jury chose to believe the victim's version of the facts as they returned a "guilty" verdict in this cause.
 I
Appellant contends that the trial court erred in refusing three of appellant's written requested jury charges:
 "1. You are instructed that the law permits a person to use that amount of force which is necessary under the circumstances for the protection of his life."
 "2. The degree of force which may lawfully be used varies with the situation of the parties and with the circumstances of each case."
 "7. The burden is never upon the Defendant to prove each element of self-defense beyond a reasonable doubt. Smith v. State, 340 So.2d 84
(Ala.[Cr.]App. 1976)." *Page 991 
We are not required to review the merits of appellant's assertions on this appeal because in Alabama there is no longer an "automatic exception" to the trial court's refusal of a written requested jury charge and the appellant did not reserve any exceptions at the trial level.
The rule that an exception to a refused charge is automatic such that review might be had of an alleged error in the trial court's refusal without reserving an exception in the trial court was apparently the law from the 1894 Code up, at least, until passage of the 1975 Code. This "automatic exception" was clearly authorized in Title 7, § 818, Code of Alabama 1940, which states:
 "It is not necessary for a party to except to the ruling of the court in giving or refusing a charge requested in writing, nor need the bill of exceptions state that exception was reserved thereto; if the charge is refused, an exception by the party asking is presumed, and if the charge is given, an exception by the other party is presumed; and such charge, and the ruling of the court thereon, may be, by the party in whose favor such exception is presumed, assigned as error on appeal, and when so assigned, the appellate court must review and consider the same in all respects as if exception had been expressly reserved upon the trial of the cause."
This rule was also referred to in Title 7, § 273, Code of Alabama 1940, as follows:
 "It shall not be necessary to set out the charges in the bill of exceptions or state therein that an exception was reserved to the giving or refusing of charges requested, but it shall be presumed that each charge was separately requested and a separate exception reserved as to the giving or refusal thereof. Every general charge shall be in writing or be taken down by the court reporter as it is delivered to the jury. (1915, p. 815)"
The 1975 Code, however, conspicuously omitted any reference to the "automatic exception" in the body of the Code. The 1975 Code does not contain a section corresponding to Title 7, § 818, Code of Alabama 1940.
Moreover, § 12-16-13, Code of Alabama 1975, which corresponds to Title 7, § 273, Code of Alabama 1940, is a word for word transcription of the earlier section, except that it leaves out the next to the last sentence (quoted above) which makes reference to the "automatic exception."[1]
In fact, the only reference made to the "automatic exception" is in the Committee Comments to A.R.C.P., Rule 51, which is referenced in the Code Commissioner's note following §12-16-13.
Rule 51, which is specifically applicable only to civil cases
states in pertinent part that: *Page 992 
 "No party may assign as error the giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection." (Emphasis added.)
The rationale for the change in civil cases back to a required exception to the trial court's refusal of written charges is carefully explained in the Committee Comments to Rule 51 as follows:
 "Former practice was regulated by Tit. 7 §§ 270-74, 818, Code 1940. Under these statutes certain anomalous situations existed which are now eliminated. For example, Tit. 7, § 818, Code 1940, gave automatic exceptions to adverse rulings on requested written charges. This permitted a party to sit silently as an erroneous charge was given or a meritorious charge was refused after the court had sifted through numerous charges submitted by the parties. Should the court fail to cover the error in its oral charge, counsel could thereby preserve appellate relief in the event the jury verdict was unsatisfactory. Under this rule the party must, as a condition to the right to assert error on appeal, object and state grounds therefor before the jury retires . . .
 "Obviously, the automatic exception rule of Tit. 7, § 818, Code 1940, put the court at a great disadvantage . . . Since Rule 51 removes the disadvantage placed upon the trial court in the elimination of the automatic exception, the line of cases developing the countervailing technical requirements are no longer applicable."
The legislative intent in omitting reference to an "automatic exception" in criminal cases is unclear, but certainly the rationale for eliminating the "automatic exception" in civil cases applies with equal force in criminal cases.
It is, therefore, our conclusion that the "automatic exception" to refused requested written charges no longer exists.
The proper procedure for preserving the right to assert error on appeal is for the affected party to object and state his grounds before the jury retires, just as is done for alleged errors in the trial court's oral charge.
The primary reason for requiring an exception after the trial court's oral charge and before the jury retires is that such requirement might expedite a satisfactory conclusion of the case. Possible errors by the trial court such as inadvertent omissions in its oral charge or refusals of written charges which deal with crucial issues should be brought to the attention of the trial court so that it might cure such errors at that level. This would only improve a defendant's chances for a favorable verdict. Also, if counsel are encouraged to question the trial court's refusal of their written charges at the trial level, they might be allowed to correct charges with spelling errors, typographical errors, and misstatements of the law, charges which are currently losers at the appellate level.
Surely, the elimination of the "automatic exception" rule would only enhance the appellant's right to a "speedy trial" by encouraging more error resolution at the trial level.
To those who would argue that the elimination of the "automatic exception" places an added burden on trial counsel, we need only point out that that is exactly where the burden belongs. Trial counsel should be encouraged to resolve issues at the trial level, thereby avoiding frivolous appeals and expediting the completion of their clients' cases.
Although the alleged errors in refusing the appellant's three requested written charges are argued in this court by the appellant, such are not properly before us as herein noted. We, nevertheless, point out that the applicable principles of law governing this self-defense issue were substantially, adequately, and fairly covered in the trial court's oral charge. (R. 143-149). Section 12-16-13, Code of Alabama 1975;Smith v. State, 47 Ala. App. 513, 257 So.2d 372 (1972); Mitchellv. State, 53 Ala. App. 58, *Page 993 297 So.2d 383, cert. denied, 292 Ala. 742, 297 So.2d 388
(1974).
The "burden of proof" for appellant's self-defense claim was properly explained by the trial court. (R. 143 and 146). Authorities cited.
For the reasons shown, this case is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur.
BOOKOUT, J., concurs in result only.
[1] Tit. 12-16-13, Code of Alabama 1975, reads as follows:
"Charges moved for by either party must be in writing and must be given or refused in the terms in which they are written, and it is the duty of the judge to write `given' or `refused,' as the case may be, on the document and sign his name thereto, which thereby becomes a part of the record. Charges which are marked `given' by the trial judge must be taken by the jury with them on retirement, and those `refused' must be retained by the clerk. The court shall, after the conclusion of his charge to the jury, read such written charges as he has given for the parties in a clear and audible voice, saying to the jury, `these are instructions given you by the court at the request of the plaintiff or defendant, as the case may be, and are correct statements of the law to be taken by you in connection with what has already been said to you.' The refusal of a charge, though a correct statement of the law, shall not be cause for a reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court's general charge or in charges given at the request of parties. In case of appeal, the charges must be set out in the record on appeal in the following manner:
(1) The charge of the court;
 (2) The charges given at the request of the plaintiff or the state;
(3) The charges given at the request of the defendant; and
(4) The charges refused to the appellant.
"Every general charge shall be in writing or be taken down by the court reporter as it is delivered to the jury. (Code 1852, § 2355; Code 1867, § 2756; Code 1876, § 3109; Code 1886, § 2756; Code 1896, § 3328; Code 1907, § 5364; Acts 1915, No. 716, p. 815; Code 1923, § 9509; Code 1940, T. 7 § 273.)"