This Court granted defendant's petition for certiorari in order to review his claim that the Court of Criminal Appeals erred in holding that there is no longer an "automatic exception" to a trial court's refusal of a written requested jury instruction. After reviewing the reasons stated in the opinion of the Court of Criminal Appeals, 414 So.2d 989, we are of the opinion that the judgment entered by that court is due to be affirmed.
The "automatic exception" statute was first adopted as a rule of practice in both civil and criminal cases on December 17, 1894. Act No. 74, Acts of Alabama, 1894-5, p. 126, reads as follows:
"AN ACT
 "To regulate exceptions to the giving or refusal of charges asked in writing and to give effect thereto.
 "Section 1. Be it enacted by the General Assembly of Alabama, That on all trials of civil or criminal actions at law it shall not be necessary for the party asking a charge, in writing to except to its refusal, nor for the opposite party to except, to its being given; but such exception by the party asking the charge in writing shall be presumed, if the charge is refused; *Page 994 
and an exception by the opposite party shall be presumed if such charge is given, and in bills of exceptions said charges need not be stated as having been excepted to, but the supreme court must review and consider said charges and rulings as if they were separately and severally excepted to, provided the actions and rulings of the trial court are assigned as error in the supreme court.
 "Approved December 17th, 1894."
Act No. 74 was codified in subsequent Alabama Codes in substantially the same language as appears in the act. The rule was carried in the 1940 Alabama Code and the 1958 Recompiled Code as Title 7, Sections 273 and 818.
This Court, when it adopted the Alabama Rules of Civil Procedure in 1973, superseded the automatic exception statute in civil cases. The "automatic exception" statute, nevertheless, still applied in criminal cases, but when the legislature, in its wisdom, adopted Code 1975, § 12-16-13, it dropped the automatic exception provision. In view of this legislative action, what rule would apply? The old Alabama rule in existence prior to adoption of Act No. 74. What was that rule? It is succinctly stated in Whitaker v. State, 106 Ala. 30
(1894), at page 34, 17 So. 456, as follows:
 "It is stated in the bill of exceptions, that exceptions were not reserved to the giving or refusal of the instructions which are introduced into it. Prior to the recent statute, approved December 17th, 1894, the rule prevailing in this State was, that exceptions to instructions given or refused, must have been reserved before the retirement of the jury. The statute has changed the rule, and now, under its provisions, when the instructions are in writing, an exception is presumed, at the instance of the party asserting error, in the giving or refusal of them. The trial in the court below was had after the change of the statute, and the correctness of the instructions is open for revision, as it would have been formerly had exceptions been reserved before the retirement of the jury."
The Alabama rule in existence prior to the enactment of the "automatic exception" statute was consistent with the rule announced in Phelps v. Mayer, 14 How. 160, 14 L.Ed. 643 (1853), where the Court held:
 "It has been repeatedly decided, by this court, that it must appear by the transcript, not only that the instructions were given or refused at the trial, but also that the party who complains of them excepted to them while the jury were at the bar. The Statute of Westminster 2d, which provides for the proceeding by exception, requires, in explicit terms, that this should be done; and if it is not done, the charge of the court, or its refusal to charge as requested, form no part of the record, and cannot be carried before the appellate court by writ of error. It need not be drawn out in form and signed before the jury retire; but it must be taken in open court, and must appear, by the certificate of the judge who authenticates it, to have been so taken.
 "Nor is this a mere formal or technical provision. It was introduced and is adhered to for purposes of justice. For if it is brought to the attention of the court that one of the parties excepts to his opinion, he has an opportunity of reconsidering or explaining it more fully to the jury. And if the exception is to evidence, the opposite party might be able to remove it, by further testimony, if apprised of it in time.
 "This subject was fully considered in the case of Sheppard v. Wilson, 6 How. [260] 275 [12 L.Ed. 430], where the cases previously decided in this court, affirming the rule above stated, are referred to." [Emphasis supplied.]
The old Alabama rule is consistent with modern procedural rules in such matters. See Alabama proposed Rule 21.3; Federal Rule 30; U.R.C.P. 523 (b), (e) and (f), and Rules of Criminal Procedure adopted by several states.
Because the automatic exception provision has been eliminated from the 1975 Code, it is our considered opinion that the Court of Criminal Appeals was not required *Page 995 
to notice any alleged error or defect in this criminal proceeding, which was under review unless the alleged error or defect was brought to the attention of the trial court. It is only in death cases that the automatic exception has been preserved. Rule 45A, A.R.A.P., provides:
 "In all cases in which the death penalty has been imposed, the court of criminal appeals shall notice any plain error or defect in the proceedings under review, whether or not brought to the attention of the trial court, and take appropriate appellate action by reason thereof, whenever such error has or probably has adversely affected the substantial right of the appellant."
The old Alabama rule which required a party to object (and except) to the failure of the trial court to give a written requested instruction was not "a mere formal or technical provision." As the United States Supreme Court held in Phelpsv. Mayer, supra, "[i]t was introduced and is adhered to forpurposes of justice."
Contemporaneously with the release of this opinion, this Court has adopted a temporary rule of criminal procedure, Temporary Rule 14, which will harmonize the procedure regarding instructions in both civil and criminal cases. A copy of Temporary Rule 14 is attached as "Appendix A" to this opinion. Temporary Rule 14 will be effective July 16, 1982.
The judgment of the Court of Criminal Appeals is due to be affirmed.
AFFIRMED.
JONES, ALMON, SHORES and ADAMS, JJ., concur.
TORBERT, C.J., dissents with opinion, in which FAULKNER, EMBRY and BEATTY, JJ., concur.
 "APPENDIX A"
TEMPORARY RULE 14. INSTRUCTIONS TO THE JURY; OBJECTION
At the close of the evidence or at such other time during the trial as the court reasonably directs, either party may file and, in such event, shall serve on the opposing party, written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed. The judge shall write on each request "given" or "refused," as the case may be, and the request shall thereby become a part of the record. Each request marked "given" shall be read to the jury without reference as to which party filed the request. Neither a copy of the charges against the defendant nor the "given" written instructions shall go into the jury room; provided, however, that the court may, in its discretion, submit the charges to the jury in a complex case. Every oral charge shall be recorded by the court reporter as it is delivered to the jury. The refusal of a requested written instruction, although a correct statement of the law, shall not be cause for reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court's oral charge or in other charges given at the request of the parties. No party may assign as error the court's giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge, unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection. Submission of additional explanatory instructions shall not be required unless requested by the court. Opportunity shall be given to make the objection out of the hearing of the jury. In charging the jury, the judge shall not express his opinion of the evidence.
 COMMENT
Temporary Rule 14 is taken almost verbatim from Rule 51, Alabama Rules of Civil Procedure. It supersedes those portions of § 12-16-13, Code 1975, which required that given written requested charges be taken by the jury with them on retirement for deliberations and that the judge identify the party requesting each given charge. *Page 996 
By adopting the policy of the civil rule, Temporary Rule 14, in allowing an opportunity for objection "out of the hearing of the jury," changes the prior criminal practice which required that an objection to an oral charge be made in the presence of the jury. See Pinkard v. State, 405 So.2d 411 (Ala.Cr.App. 1981), and Hand v. State, 385 So.2d 652 (Ala.Cr.App. 1980).
Further, this rule, by requiring that any objections to the court's giving or refusing to give a particular charge be stated "before the jury retires to consider its verdict," clearly allows no "automatic exception." See the case of Allenv. State [Ms. 6 Div. 993, Nov. 24, 1981], 414 So.2d 989
(Ala.Cr.App. 1981), aff'd. 414 So.2d 993 (Ala. 1982).
This rule is not intended to affect § 12-16-11, Code 1975, providing that the judge may state to the jury the evidence when it is disputed, but that he "shall not charge upon the effect of the testimony, unless required to do so by one of the parties."
Under this rule the ordinary procedure should be that the jury will not take with it a copy of the charges against the defendant; nevertheless, the rule recognizes that in a complex case having a copy may help the jury to understand and determine the issues. The rule, therefore, allows the judge the discretion to give the jury a copy of the charges when he feels it would be helpful to do so.