Timothy Butler was indicted for robbery in the first degree in violation of § 13A-8-41, Code of Alabama 1975. The jury found the appellant "guilty as charged in the indictment" and the trial judge set sentence at life imprisonment in the penitentiary under the provisions of the Alabama Habitual Offender Act.
On January 31, 1983, John Parrish was robbed at the Seale Bay Gas Station in Russell County. A black male pulled a gun on Parrish and demanded his money. Parrish gave the man approximately $200.00 from the cash register, and his billfold which contained about $10.00. The robber was wearing a white ski mask over his face and had a silver pistol. He also took Parrish's gun.
On February 10, 1983, Laura Bradley was robbed in Lil Mack's Grocery in Russell County. A black male entered the store and demanded the money. She gave him $250.00 or $300.00. The robber wore unusual clothing and carried a silver plated pistol. *Page 211 
Officer Herbert Parker of the Russell County Sheriff's Office went to the home of Margaret Sanks Horace with an arrest warrant for the appellant. Parker told her he wished to search the house for the appellant for which she gave her consent. The appellant was found hiding under some clothes behind a couch in one of the bedrooms. Parker found a wallet containing several hundred dollars under the couch and a chrome plated .25 pistol on the couch.
The gun found was identified as similar to the one used in the two robberies and Parrish's gun was also recovered.
Johnny Lee Matthews testified that the appellant was in the area of Lil Mack's Grocery at the time of the robbery and was wearing clothes similar to those that Bradley described to the police officers.
 I
The appellant contends the trial court erred by allowing the State to consolidate the two robberies. Rule 15.3 (a), Temporary Rules of Criminal Procedure allows joinder of two offenses if they (1) are of the same or similar character, (2) are based on the same conduct or are otherwise connected in their commission or (3) are alleged to have been part of a common scheme or plan. Clearly this was a proper case for joinder. The offenses are the same and are based on the same type of conduct by the same offender. Therefore, we hold the trial judge properly granted the State's motion to consolidate the two cases.
 II
The appellant asserts reversible error was committed by the admission of evidence of stolen property which was found in the vicinity of the appellant at the time of his arrest.
Officer Parker had reason to believe the appellant was in Mrs. Horace's home and had a right to enter her home and effectuate the appellant's arrest. Hollenquest v. State,394 So.2d 385 (Ala.Cr.App. 1980) writ denied, Ex Parte Hollenquest,394 So.2d 389 (Ala. 1981).
Furthermore, Officer Parker testified Mrs. Horace consented to the search. Once the arrest was made, Parker certainly acted properly in searching the immediate area around the appellant.
Therefore, we find no error in the admission of the stolen items into evidence at trial.
 III
The appellant's argument that his sentence under the Habitual Offender Act is in violation of the United States Constitution is without merit.
This court has repeatedly held that the Habitual Offender Act is not violative of the United States Constitution and does not constitute cruel and unusual punishment. Watson v. State,392 So.2d 1274 (Ala.Cr.App. 1980), cert. denied, 392 So.2d 1280
(Ala. 1981).
 IV
The appellant contends that allowing testimony concerning the identification line-up is reversible error. We do not agree.
First, defense counsel never made a motion to suppress the identification at issue. Secondly, while there was never a positive identification of the appellant at the trial, or during the line-up, any issue concerning the identification of the appellant was an issue for the jury which they properly resolved.
We have examined the record and find it free of error. Therefore, for the reasons stated above, the judgment of the trial court is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur. *Page 212