HUBERT TAYLOR, Judge.
Appellant was convicted of theft in the second degree. Sentence was six years. Two issues are raised on appeal.
First, Holland argues that the criminal charges were brought against him solely for the purpose of collecting a debt. Holland worked for the victim, Zodiac Industries, as a truck driver. Expense money was advanced to the drivers before each trip. Holland obtained $580 from his employer by implying that he was going to use it for expenses during a business trip he was supposed to make.
Holland never made the proposed trip nor returned the money; instead, he left the state to look for other work. He testified that he intended to keep the money when it was given to him. He believed the company was indebted to him for that amount.
Holland’s claim that he is wrongfully being prosecuted for a debt is without merit since there was no contract liability upon which a debt could be based. His conduct amounts to a tortious act and not a breach of contract to pay a debt. A tor-tious act may be made the basis of a criminal prosecution. This prosecution does not arise out of the fact that Holland owed money; rather, it arose because he stole property in violation of § 13A-8-4, Code of Alabama 1975. Wright v. State, 421 So.2d 1324 (Ala.Cr.App.1982).
Holland next contends that several jury charges were improperly refused, re- *1237 suiting in reversible error. He did not object to the denial of his written charges prior to the jury’s retirement and, therefore, the issue is not properly before this court. Allen v. State, 414 So.2d 989 (Ala.Cr.App.1981), aff’d, 414 So.2d 993 (Ala.1982).
The judgment of the lower court is affirmed.
AFFIRMED.
All the Judges concur.