Certiorari was granted in this case to determine whether the objections interposed by defense counsel were sufficient under the case of Allen v. State, 414 So.2d 989 (Ala.Crim.App. 1981),aff'd, Ex parte Allen, 414 So.2d 993 (Ala. 1982); and, if so, whether the Court of Criminal Appeals, 453 So.2d 748, erred in affirming the judgment of conviction.
Willie Byrd Knight was found guilty of manslaughter in the shooting death of Stuart Maddox. It is undisputed that the shooting occurred outside a nightclub which Knight and his family were using as their residence.
At trial, the court refused Knight's requested written charge on self-defense in the context of defense of one's home. At the close of the court's charge to the jury, the following transpired:
 "THE COURT: Let the record show this is out of the presence and hearing of the jury. Let the record show that at the point during the instructions that I called the attorney for the State and the attorney for the Defendant up to the Bench, the attorney for the State asked me to read the further definition of intentionally, that I read it and the attorney for the State said he had no objection to the Court's charge at that point. The attorney for the Defendant did request that I give further instructions and I denied his request —
 "MR. SMITH: As to his home, this accident happened at his home; in defense of his home and in defense of third person.
 "THE COURT: You asked me to give further instructions —
"MR. SMITH: As to defense on his home —
 "THE COURT: — as to defense of his home and as to defense of third person.
"MR. SMITH: Right.
 "THE COURT: Yes, sir. And I denied your request at that time. And I did not give further instructions.
"MR. SMITH: And the Defendant excepts."
The Court of Criminal Appeals upheld the lower court's judgment of conviction, based upon a finding that the defense counsel's objections to the court's charge were insufficient to preserve error under Allen v. State, 414 So.2d 989
(Ala.Crim.App. 1981), aff'd, Ex parte Allen, 414 So.2d 993
(Ala. 1982).
In Allen v. State, supra, the Court of Criminal Appeals held that the automatic exception to refused requested written charges no longer exists and that the aggrieved party must object and state his grounds before the jury retires, in order to preserve alleged errors in the trial court's refusal to so charge. Because Allen's defense counsel failed to make any objections at the trial level, the Court of Criminal Appeals declined to review the alleged errors resulting from the trial court's refusal *Page 756 
to grant certain requested written charges.[1]
The purpose of the objection rule is to give the trial court an opportunity to correct any alleged error or defect called to its attention before submission of the case to the jury.
Although the trial in this case occurred before the Allen
decision was rendered, Knight's defense counsel did make an objection to the court's oral charge before the jury retired to consider its verdict. We do not know exactly what transpired during this time, but it is clear from the trial court's synopsis of this off-the-record discussion that the defense counsel called to the court's attention its failure to charge on the specific principle of self-defense in the context of defense of one's home. It is also clear that the trial judge understood the nature of this objection and refused to give the requested written charge, which we find is a correct statement of law, and which should have been given.
The judgment of the Court of Criminal Appeals is reversed and the cause is remanded.
REVERSED AND REMANDED.
All the Justices concur.
[1] Although not applicable to this case, see Temporary Rule 14, A.R.Crim.App., which prescribes the current procedure in criminal cases in the same manner as Rule 51, A.R.Civ.P.