The Court reverses the Court of Criminal Appeals on the ground that the trial court failed to give a written request that the court instruct the jury that the jury's verdict must be unanimous. Under our former practice and procedure, the majority's opinion would be correct, but under current practice Temporary Rule 14, Ala.R.Crim.P., provides that "[n]o party may assign as error the court's giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge, unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection."
In my opinion, the language of this rule is quite clear, and if the defendant desired to claim error in this case, he should have told the trial judge that he had requested the court to give an instruction that the jury's verdict must be unanimous, and that the court failed to instruct the jury to this effect orally.
Temporary Criminal Rule 14 requires that objection be made to the court's giving or failing to give an instruction before the jury retires to deliberate. See also Allen v. State,414 So.2d 989 (Ala.Cr.App. 1981), affirmed, 414 So.2d 993 (Ala. 1982). Defendant's only objection concerned the judge's failure to charge the jury on the lesser *Page 481 
included offenses. He did not raise the question of the judge's failure to instruct the jury that they were required to return a "unanimous verdict." Consequently, the defendant waived it.
Furthermore, while I agree that the right to a unanimous verdict is a fundamental right, that right was not violated in this case, because the jury returned a unanimous verdict. The Court of Criminal Appeals was correct in holding that any error was harmless.
I would affirm the judgments of the trial court and the Court of Criminal Appeals.
TORBERT, C.J., and SHORES, J., concur.