Michael Charles Thompson was indicted on two charges of robbery in the first degree. These two cases were consolidated for trial. A mistrial was declared in the first trial of these charges due to a deadlocked jury. On retrial, the appellant was found guilty of first degree robbery in one case and second degree robbery in the other case. The appellant was sentenced to thirty years' imprisonment on the first degree *Page 1207 
robbery conviction and to ten years' imprisonment on the second degree robbery conviction.
Peggy Parker testified that at approximately 8:30 on the night of August 24, 1982, two black males entered the Chesterfield Motel, where Parker was employed as a desk clerk. One of the men, whom she identified as the appellant, had his hands in his pockets and demanded money. Parker gave the men $70 and they left.
When the police arrived, Parker gave them a description of the two men. Three days later Parker told police that the appellant was one of the robbers and a warrant was sworn out against the appellant. Parker also told the police that the appellant had gone to Mississippi.
On May 19, 1983, Parker was playing cards with Curtis Banks when two men entered the motel office. One of the men, whom she identified as the appellant, had a sawed off shotgun and the other man had a hand gun. The appellant again asked for money and Parker gave them $50. The two men also took a television set and the watches worn by Parker and Banks. After the two left, the police were called, Parker told them that one of the men who robbed her this time was one of the robbers on August 24, 1982.
Parker picked the appellant out of a photographic line-up and Banks identified the appellant at trial as one of the robbers on May 19, 1983.
The appellant testified that he had an affair with Parker and left Birmingham in August, 1982, due to trouble caused by this affair. He stated he was in Atmore on August 24, 1982, and did not rob the Chesterfield Motel on either occasion.
 I
The appellant asserts that the trial judge should have declared a mistrial because one of the defense's witnesses, Officer Danny Whatley, failed to appear and testify at the trial.
 "The constitutional right of the accused to have compulsory process to obtain witnesses in his defense is well established. See, e.g., Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967); United States v. Melchor Moreno, 536 F.2d 1042 (5th Cir. 1976). Holding this Sixth Amendment right to be applicable in state proceedings, the Supreme Court in Washington noted:
 "The right to offer testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense. . . . This right is a fundamental element of due process of law.
"388 U.S. at 19, 87 S.Ct. at 1923."
Dickerson v. State of Alabama, 667 F.2d 1364 (11th Cir. 1982);Dale v. State, 466 So.2d 196 (Ala.Cr.App. 1985).
 "A high degree of `manifest necessity' for the granting of a mistrial must be demonstrated before a mistrial should be granted. Woods v. State, 367 So.2d 982 (Ala. 1978); Alabama Code Section 12-16-233
(1975). `A trial judge is allowed the exercise of broad discretion in deciding whether that high degree of necessity is present.' Woods, 367 So.2d at 984. An appellate court `will not interfere with the exercise of that discretion unless there is clear abuse of it.' Woods, supra. This is because the trial judge `heard what transpired and has seen the scenario unfold. He is in a far better position to determine whether a jury should be discharged and a mistrial granted.' Duncan v. City of Birmingham, 384 So.2d 1232, 1240 (Ala.Cr.App. 1980)."
Wadsworth v. State, 439 So.2d 790, 792 (Ala.Cr.App. 1983).
In the case at bar we do not believe that the appellant demonstrated to the court the "high degree of `manifest necessity'" which would require the granting of a mistrial. The appellant had two viable options available to him at trial which could have been used to protect his constitutional right of compulsory process. First, the appellant could have asked for a motion for continuance. A continuance is often granted to allow a defendant further time to secure witnesses which he feels are vital to *Page 1208 
his defense. Although the decision as to whether to grant a motion for a continuance rests within the sound discretion of the trial court, there are several factors that this court should consider in determining whether a defendant was deprived of his constitutional right to compulsory process by a denial of such motion for continuance. These factors are:
 "[T]he diligence of the defense in interviewing witnesses and procuring their presence, the probability of procuring their testimony within a reasonable time, the specificity with which the defense is able to describe their expected knowledge or testimony, the degree to which such testimony is expected to be favorable to the accused, and the unique or cumulative nature of the testimony."
Dale, supra.
It is unnecessary for this court to discuss the appellant's case in relation to these factors due to our decision on this matter. However, we do believe that the proper course for the appellant to have followed was to ask for a motion for a continuance.
Second, Officer Whatley had testified in the first trial of this case which ended in a mistrial. Whatley's transcribed testimony could have been used in this trial as a substitute for his actual testimony. C. Gamble, McElroy's AlabamaEvidence, § 245.07 (6) (3d ed. 1977). The appellant was given this option at trial but refused it.
In light of the above discussion, we do not find that the trial judge erred by refusing to grant a mistrial.
 II
The appellant contends these cases should not have been consolidated for trial.
"Rule 15.3 (a), Temporary Rules of Criminal Procedure allows joinder of two offenses if they (1) are of the same or similar character, (2) are based on the same conduct or are otherwise connected in their commission, or (3) are alleged to have been part of a common scheme or plan." Butler v. State,439 So.2d 210 (Ala.Cr.App. 1983).
It is clear to this court that these two cases were properly joined. Both of these cases were robberies. In each instance, the same victim was robbed at the same place. The appellant was identified after each robbery as one of the robbers.
The appellant's argument that he did not receive a fair trial due to the consolidation of these two cases is without merit. There is nothing in the record which indicates that the appellant was prejudiced by the joinder of these two offenses.
Therefore, we find these cases were properly consolidated for trial.
 III
The appellant contends that his jury charge on the defendant's theory of the case was improperly refused. We do not agree with this assertion since we find that this issue was not preserved for our review.
After the court's oral charge to the jury, the following took place:
 "THE COURT: All right, Mike, go ahead with your exceptions on the written requested charge.
 "MR. BLALOCK: We except to the failure of the judge to give a specific charge submitted by the defense counsel to the jury. First, number one as to reasonable doubt. Jury charge number four as to evidence. Jury charge number six and seven as to robbery in the first degree and robbery in the second degree as it applies to CC 83-3066.
 "THE COURT: All right, give you an exception to each and every failure to so give." (R. 230)
The appellant's jury charge number one is titled "Defendant'sTheory of the Case." However, the appellant objected to number one as "reasonable doubt." Jury charge number four is titled"Reasonable Doubt" although it was referred to as "evidence." Nowhere in the appellant's objection was there any mention of the defendant's theory of the case. The appellant did not object to the court's failure to give this charge nor did he give any reasons for his objection *Page 1209 
as required by Rule 14, Temporary Rules of Criminal Procedure. This issue was not properly preserved. Allen v. State,414 So.2d 989 (Ala.Cr.App. 1981), aff'd, 414 So.2d 993 (Ala.Cr.App. 1982).
 IV
The trial court, during its charge to the jury, made the following statements:
 "Now, ladies and gentlemen, as I indicated, maybe I didn't indicate, the verdict forms have been made up for you. You can only return two verdicts in this case. One on each case. Only one verdict can be returned on each case. Since there are more than one case I am going to send the indictments back with you for the sole purpose of advising as to which case goes with which set of jury forms. Now, remember as I said to you; these indictments are not evidence even though the evidence in the form of exhibits will be going back with you, but these indictments are not evidence so, please, remember that." (R. 229)
Rule 14, Temporary Rules of Criminal Procedure states, in part:
 "Neither a copy of the charges against the defendant nor the `given' written instructions shall go into the jury room; provided, however, that the court may, in its discretion, submit the charges to the jury in a complex case."
The appellant asserts that the trial court erred by allowing the jury to have the indictments in the jury room. We do not agree.
The commentary to Rule 14 states that:
 "Under this rule the ordinary procedure should be that the jury will not take with it a copy of the charges against the defendant; nevertheless, the rule recognizes that in a complex case having a copy may help the jury to understand and determine the issues. The rule, therefore, allows the judge the discretion to give the jury a copy of the charges when he feels it would be helpful to do so."
We do not feel that the trial judge abused his discretion in this matter. It seems clear that the court thought the indictments would be helpful to the jury in that this case involved two separate offenses alleged in two indictments. It is likely that the indictments did aid the jury in their deliberations because they convicted the appellant of first degree robbery in one indictment and second degree robbery in the other indictment.
The trial judge thoroughly instructed the jury not to consider the indictments as evidence and told them the reason he was allowing them to have the indictments.
There is no basis of error to reversal on this issue.
 V
During the court's oral charge to the jury, the following occurred:
 "Now, ladies and gentlemen, I have also been provided with what are known as written requested charges. These charges state true propositions of law and should be considered by you along with the Court's charge as previously given.
 Two. The State has the burden of proving the guilt of the Defendant beyond a reasonable doubt, and this burden remains on the State throughout the case. The Defendant is not required to prove his innocence.
 Three. The law presumes a Defendant to be innocent of crime. Thus a Defendant, although accused, begins the trial with a `clean slate' with no evidence against him. The law permits nothing but legal evidence presented before the jury to be considered in support of any charge against the accused. The presumption of innocence follows a Defendant until his guilt is established by the evidence beyond a reasonable doubt. The presumption of innocence alone is sufficient to acquit a Defendant unless the jurors are satisfied beyond a reasonable doubt of the Defendant's guilt from all of the evidence in the case. *Page 1210 
 Five. The indictment in this case is not any evidence against the Defendant. It is merely the formal method under our Constitution by which a defendant is accused of a crime and placed on trial. It provides no proof, nor presumption, nor inference that the defendant is guilty of the offense charged therein." (R. 226-227)
Rule 14, Temporary Rules of Criminal Procedure states that, when a trial judge gives requested charges, he must not make reference to the party who requested those charges. The appellant contends this rule was violated because ". . . the trial judge in all practical purposes did make `reference' as to which party filed the written request. . . ." (Appellant's brief, p. 32)
The appellant states that, because the trial judge told the jury that he had been provided with the charges and the charges were "pro-defendant," the jury would assume that the charges had been requested by the appellant.
We find no merit to this argument. The trial judge did not reveal or even hint to the jury which party requested the charges. The wording of the charges coupled with the trial judge's statement does not constitute a violation of Rule 14. Using the appellant's theory, the jury is always going to know which party requested each charge that is read by the court due to the wording of the charge. The trial judge did not err in this instance.
Furthermore, this issue was not properly preserved for our review.
For the reasons stated above, this cause is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.