TYSON, Judge.
Tommy Lee Gross was indicted for escape in the first degree, in violation of § 13A-10-31, Code of Alabama 1975. The jury found the appellant “guilty as charged in the indictment,” and he was sentenced to fifty years’ imprisonment as a habitual felony offender.
The facts of this case are not relevant to our decision in this matter and will not, therefore, be set forth.
The appellant’s written requested jury charge number 19 reads as follows:
“I charge you that custody is a restraint or detention by a public servant pursuant to a lawful arrest, conviction or order of court, but does not include mere supervision of probation or parole, or constraint incidental to release on bail.” (R. 000032).
After such charge was submitted, to the trial judge, it was marked “granted,” and signed by the trial judge. However, the trial judge failed to read this written requested charge to the jury.
Following the trial court’s oral charge to the jury, defense counsel objected to the court’s failure to give this charge, as can be seen from the portion of the record quoted below.
*404 “We further specifically object to the Court’s refusal to give Charge No. 19, because it is no more than a definition of what custody is. And that is a proper charge in an escape case.
“THE COURT: All right. You have made your exceptions. Give this to the Bailiff.
“MR. HOWARD: And those exceptions are overruled?
“THE COURT: Yes, sir.” (R. 71)
Rule 14, Alabama Temporary Rules of Criminal Procedure states:
“At the close of the evidence or at such other time during the trial as the court reasonably directs, either party may file and, in such event, shall serve on the opposing party, written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel of its proposed action upon the request prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed. The judge shall write on each request ‘given’ or ‘refused,’ as the case may be, and the request shall thereby become a part of the record. Each request marked ‘given’ shall be read to the jury without reference as to which party filed the request. Neither a copy of the charges against the defendant nor the ‘given’ written instructions shall go into the jury room; provided, however, that the court may, in its discretion, submit the charges to the jury in a complex case. Every oral charge shall be recorded by the court reporter as it is delivered to the jury. The refusal of a requested written instruction, although a correct statement of the law, shall not be cause for reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court’s oral charge or in other charges given at the request of the parties. No party may assign as error the court’s giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge, unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection. Submission of additional explanatory instructions shall not be required unless requested by the court. Opportunity shall be given to make the objection out of the hearing of the jury. In charging the jury, the judge shall not express his opinion of the evidence.”
The appellant’s jury charge number 19 is the definition of the word “custody” found in § 13A-10-30(a)(l), Code of Alabama 1975. This definition is applicable to the use of the word “custody” in § 13A-10-31, which defines the offense of escape in the first degree.
It appears to the court that the trial court inadvertently failed to give charge number 19. However, this mistake cannot be overlooked. Since escape from custody is an element of the offense of escape in the first degree and is a material allegation in the indictment in this cause, the jury was entitled to have the word “custody” defined.
Custody was not defined in any manner in the trial court’s oral charge to the jury (see § 12-16-13, Code of Alabama 1975), and the appellant properly objected. Allen v. State, 414 So.2d 989 (Ala.Cr.App.1981), affirmed, 414 So.2d 993 (Ala.1982). Thus, this cause is due to be, and is hereby, reversed and remanded to the trial court for a new trial.
The other issues raised by the appellant on appeal need not be discussed due to our decision on this issue.
REVERSED AND REMANDED.
All the Judges concur.