TYSON, Judge.
Mable Marie Williams was indicted for the intentional murder of Elvin Murry in violation of § 13A-6-2, Code of Alabama 1975. She was tried and found “guilty as charged in the indictment” by the jury and sentenced by the trial judge to life in prison under the Habitual Felony Offender Act.
The deceased was the appellant’s boyfriend. They lived with the appellant’s mother, Lillian “Granny” Counts. The shooting out of which this case arose occurred on September 19, 1987.
The appellant contends that the trial court erred in failing to allow a defense witness who had previously invoked her Fifth Amendment right against self-incrimination to waive this right and to be recalled as a witness.
The record reveals that it was brought to the trial court’s attention that the appellant’s mother, Lillian “Granny” Counts, might incriminate herself by her own testimony. The trial court properly appointed her an attorney to explain her right against self-incrimination. The record reveals that Mrs. Counts was 76 years old, uneducated and hard of hearing. Mrs. Counts invoked her Fifth Amendment right when, the appellant’s attorney asked her if she shot Elvin Murry. She stated that she understood her rights and did not wish to testify further. The trial court properly excused the witness from answering any further questions. See Pennington v. State, 420 So.2d 845 (Ala.Crim.App.1982); Pugh v. State, 376 So.2d 1135 (Ala.Crim.App.), cert. denied, 376 So.2d 1145 (1979).
After the lunch recess, the appellant’s attorney informed the court that, during the break, Mrs. Counts, her step-grandson and another individual told him that Mrs. Counts misunderstood her rights and that her lawyer told her that either she or her daughter would go to prison for life if she testified further.
During a hearing outside of the jury’s presence, Mrs. Counts’ attorney testified that he did not tell Counts that she or her daughter would go to prison if she testified. The trial court denied the appellant’s request to allow Mrs. Counts to change her mind and be recalled as a witness.
The decision whether to allow a witness to be recalled is within the trial court’s discretion. Baxter v. State, 360 So.2d 64 (Ala.Crim.App.1978); Stewart v. State, 49 Ala.App. 679, 275 So.2d 358 (1973). Although this is not the typical case in which the court must determine whether or not to allow a witness to be recalled, the trial court did not abuse its discretion in this case. The trial court properly denied the appellant’s request to allow the witness to *271 change her mind and waive her Fifth Amendment rights, especially in light of the circumstances surrounding her alleged change of mind, her age, her educational background, and her attorney’s testimony.
II
The appellant argues that the trial court erred in failing to charge the jury on manslaughter. The appellant’s attorney did not object to the trial court’s failure to charge on manslaughter and stated that he was “satisfied” with the court’s oral charge. Therefore, this issue was not properly preserved for review. A.R.Crim.P. (Temp.) 14; Allen v. State, 414 So.2d 989 (Ala.Crim.App.1981), aff'd, 414 So.2d 993 (Ala.1982).
We have examined the record and find no error. The judgment is due to be and is, therefore, affirmed.
AFFIRMED.
All the Judges concur.
BOWEN, J., concurs in result only.