The defendant was indicted and convicted for the murder of her five month old daughter. Sentence was life imprisonment.
The indictment contained two counts. Count 2 charged that the defendant intentionally killed Dana Northington by suffocation. The jury found the defendant guilty of Count 1 which charged that the defendant
 "did recklessly engage in conduct which manifested extreme indifference to human life and created grave risk of death to the person of Dana Northington, and the said conduct did hereby cause the death of Dana Northington, by withholding food and medical attention from the said Dana Northington. . . ."
Under Alabama Code 1975, Section 13A-6-2 (a)(2) (Amended 1977), a person commits the crime of murder if:
 "Under circumstances manifesting extreme indifference to human life, he recklessly engages in conduct which creates a grave risk of death to a person other than himself, and thereby causes the death of another person."
Essentially, this section is a restatement of Alabama law which defined murder in the first degree to include every homicide "perpetrated by any act greatly dangerous to the lives of others and evincing a depraved mind regardless of human life, although without any preconceived purpose to deprive any particular person of life." Alabama Code 1975, Section 13-1-70. The commentary to Section 13A-6-2 makes this clear.
 "Section 13A-6-2 (a)(2) also retains as murder the recklessly engaging in conduct which creates a grave risk of death under circumstances `manifesting extreme indifference to human life', which is different from a positive intent to kill, and which essentially restates existing law. Section 13-1-70."
The new statute, 13A-6-2 (a)(2), removes the requirement that more than one person be endangered by the reckless conduct of the accused. Compare the phrase "any act greatly dangerous to the lives of others" with "conduct which creates a grave risk of death to a person other than himself." (Emphasis added) However, the statute still requires conduct which manifests an extreme indifference to human life and not to a particular person only.
At the close of the State's evidence defense counsel requested the trial judge to exclude Count 1 of the indictment from the consideration of the jury. The defendant argued that he could not be convicted of a count charging "universal malice" where the criminal acts of the accused were directed solely at the deceased and where the method of death alleged in the indictment (starvation) required a specific intent.
Reckless homicide manifesting extreme indifference to human life (13A-6-2 (a)(2)) must be distinguished from purposeful or *Page 1171 
knowing murder (13A-6-2 (a)(1)). See American Law Institute, Model Penal Code and Commentaries, Part II, Section 210.2 (1980). Under whatever name, the doctrine of universal malice, depraved heart murder, or reckless homicide manifesting extreme indifference to human life is intended to embrace those cases where a person has no deliberate intent to kill or injure anyparticular individual. Napier v. State, 357 So.2d 1001, 1007
(Ala.Cr.App. 1977), reversed on other grounds, 357 So.2d 1011
(Ala. 1978). "The element of `extreme indifference to human life', by definition, does not address itself to the life of the victim, but to human life generally." People By And ThroughRussel v. District Court For Fourth Judicial District,185 Colo. 78, 521 P.2d 1254, 1256 (1974).
This issue was thoroughly explained in State v. Berge,25 Wn. App. 433, 607 P.2d 1247 (1980).
 "The predecessor to RCW 9A.32.030 (1)(b) was RCW 9.48.030 (2), which made the killing of a human being `(b)y an act imminently dangerous to others and evincing a depraved mind, regardless of human life, without a premeditated design to effect the death of any individual' murder in the first degree. Where an act causing a person's death was specifically aimed at and inflicted upon a particular person and none other, the perpetrator could not properly be convicted of first degree murder under this section of RCW 9.48.030. State v. Mitchell, 29 Wn.2d 468, 188 P.2d 88 (1947).
 "The court in Mitchell relied heavily upon the case of Darry v. People, 10 N.Y. 120 (1854), which contained three opinions arriving at the same result and a dissent. While Darry emphasizes the language `dangerous to others', the second opinion of the New York court is also extensively and favorably quoted in Mitchell and focuses upon the language `evincing a depraved mind, regardless of human life' which is similar to `manifesting an extreme indifference to human life' contained in RCW 9A.32.030 (1)(b). That opinion states in relevant part:
 "`The act must evince a depraved mind, regardless of human life. These words are exactly descriptive of general malice, and cannot be fairly applied to any affection of the mind having for its object a particular individual. They define general recklessness, and are not pertinent to describe cruelty to an individual. The act by which the death is effected must evince a disregard to human life. Now, a brutal assault upon an individual may evince animosity and hate towards that person, and a cruel and revengeful disposition, but it could not properly be said to be evidence of a recklessness and disregard of human life generally.'
 "(Some italics ours) State v. Mitchell, supra, 29 Wn.2d at 477, 188 P.2d at 93 (quoting Darry v. People, supra).
 "Although the new statute, RCW 9A.32.030 (1)(b), removes the requirement that more than one person be endangered, see Comment, WPIC 26.05, 11 Wash.Prac., its purpose remains the same. As we read the homicide statutes, the legislature intended that one who kills with the intent to cause the death of a particular individual be charged with murder in the first degree, pursuant to RCW 9A.32.030 (1)(a), or murder in the second degree, as defined in the instruction given by the trial court. As other statutory provisions cover acts directed at a particular
individual or individuals, we shall assume that the legislature intended RCW 9A.32.030 (1)(b) to provide for those situations indicating a recklessness and extreme indifference to human life generally. The record reveals that Berge's violent attack was specifically directed at a particular victim. Therefore, he should have been charged and. tried pursuant to RCW 9A.32.030 (1)(a), not RCW 9A.32.030 (1)(b), and consequently a new trial must be granted. State v. Mitchell, supra."
607 P.2d at 1249-50.
The evidence in this case, even when viewed in the light most favorable to the prosecution, reveals that the defendant's acts and omissions were specifically directed at a particular victim and no other.
The State presented no evidence that the defendant engaged in conduct "under circumstances manifesting extreme indifference *Page 1172 
to human life" for, while the defendant's conduct did indeed evidence an extreme indifference to the life of her child, there was nothing to show that the conduct displayed an extreme indifference to human life generally. Although the defendant's conduct created a grave risk of death to another and thereby caused the death of that person, the acts of the defendant were aimed at the particular victim and no other. Not only did the defendant's conduct create a grave risk of death to only her daughter and no other, but the defendant's actions (or inactions) were directed specifically against the young infant. F. Wharton, The Law of Homicide (3rd ed. 1907) at Section 129. This evidence does not support a conviction of murder as charged under Section 13A-6-2 (a)(2). The function of this section is to embrace those homicides caused by such acts as driving an automobile in a grossly wanton manner, shooting a firearm into a crowd or moving train, and throwing a timber from a roof onto a crowded street. Napier, 357 So.2d at 1007.
In order that a person who withholds food or medical attention from another to whom a legal duty is owed may be found guilty of murder it is necessary to show that the conduct of the accused was willful or done with malicious intent.Albright v. State, 50 Ala. App. 480, 280 So.2d 186, cert. denied, 291 Ala. 771, 280 So.2d 191 (1973). See also Anno. 61 A.L.R.3d 1207 (1975); Anno. 100 A.L.R.2d 483 (1965). In Blileyv. State, 42 Ala. App. 261, 262, 160 So.2d 507 (1964), the court held:
 "To prove murder by starvation, under the established cases, the prosecution must prove to the required degree that with malice aforethought the person charged (1) is under a duty to feed, (2) has control of the food, and (3) denies food to the deceased."
The jury's verdict found the defendant guilty as charged in Count 1 of the indictment. Our review of the record convinces us that the evidence was insufficient to sustain the conviction of reckless homicide manifesting extreme indifference to human life. A long and diligent search has revealed no case where an accused was either indicted or convicted for murder by the denial of food or medical attention under an indictment involving universal malice or reckless homicide manifesting indifference to human life.
Because of the revolting and heartsickening details of this case, this Court is extremely reluctant to reverse the conviction of the defendant. Yet, because our system is one of law and not of men, we have no other choice. The judgment of the Circuit Court is reversed and the cause remanded.
REVERSED AND REMANDED.
All Judges concur.