MADDOX, Justice.
We granted the writ in this cause to review petitioner’s claim that a void conviction was used to enhance his punishment. The Court of Criminal Appeals wrote no opinion in this case, and petitioner made no request pursuant to Rule 39(k), A.R.A.P., to get his constitutional claim properly presented to us for review; therefore, we are of the opinion that petitioner’s petition was improvidently entertained and the writ of certiorari is due to be quashed.
In quashing the writ, however, we should not be understood as holding that petitioner is foreclosed from filing a proceeding to test the validity of his present sentence on the ground that one of the convictions used to enhance his punishment was void. Ex parte McCurley, 390 So.2d 25 (Ala.1980); Bullard v. Estelle, 665 F.2d 1347 (5th Cir.1982).
By our quashing the writ, the State is not foreclosed from requesting the Court of Criminal Appeals to reopen the case and remand the proceeding to the trial court for consideration of petitioner’s constitutional claim that a void conviction was used to enhance his punishment.
WRIT QUASHED AS IMPROVIDENTLY GRANTED.
All the Justices concur.