Certiorari was granted to determine whether the instant decision of the Court of Criminal Appeals conflicts with the decision of that court in Northington v. State, Ala. Crim.App.,413 So.2d 1169 (1981).
The petitioner was tried under a multi-count indictment which charged, inter alia, murder in violation of Code of 1975, §13A-6-2, in that he
 "did recklessly engage in conduct which manifested extreme indifference to human life and created a grave risk of death to a person other than the said David McCormack [the petitioner] and did thereby cause the death of Charles Newsome by striking Charles Newsome with a yard rake while the said Charles Newsome was riding a bicycle thereby causing the said Charles Newsome to swerve into the path of a vehicle being driven by Mike Chaney, which said vehicle struck the said Charles Newsome."
A motion to quash this count was made by the defendant at the close of the evidence, and denied. Following conviction and sentence, petitioner again raised the issue of the propriety of his conviction under § 13A-6-2.
In Northington, supra, the Court of Criminal Appeals held that a charge of murder under § 13-6-2 (a)(2) (reckless homicide manifesting extreme indifference to human life) embraced "those cases where a person has no deliberate intent to kill or injure any particular individual. . . . `The element of "extreme indifference to human life," by definition does not address itself to the life of the victim, but to human life generally.' . . ." That court then observed that "[t]he evidence in this [Northington] case, even when viewed in the light most favorable to the prosecution, reveals that the defendant's acts and omissions were specifically directed at a particular victim and no other."
Under the facts found by the Court of Criminal Appeals in this case, we reach the same conclusion as that court did inNorthington. The State of Alabama presented no evidence that this petitioner engaged in conduct "manifesting extreme indifference to human life generally." Thus, it was error for the trial court to submit Count I to the jury. For that reason the petitioner is entitled to a new trial.
Therefore, the judgment of the Court of Criminal Appeals,431 So.2d 1336, is reversed and this cause is remanded to that court for an order not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Justices concur.