The appellant, Suzie Nell Hutto, was involved in a head-on automobile collision on April 30, 1983, in which she was the driver of one of the automobiles involved. The driver of the other automobile, a small Volkswagen passenger car, was killed in the collision and a passenger in the deceased's vehicle received minor cuts, bruises, and scrapes.
The collision occurred on the Troy Highway, a four-lane roadway, in Montgomery, Alabama, between Virginia Loop Road and the Southern Boulevard. The evidence adduced at appellant's trial revealed that she was driving in the southbound lane heading *Page 1212 
in the wrong direction. The victim was driving in her proper lane of traffic.
Subsequent to the collision, the appellant was arrested and later indicted by the August 1983 term of the Montgomery County Grand Jury on the charge of murder. The indictment detailed two counts. The first count charged that the appellant "did recklessly engage in conduct" which caused the death of Beth Marie Jenkins and the second count charged that the appellant "intentionally caused the death of another person." Additionally, both counts stated that the victim's death was caused by the appellant's recklessness in operating a motor vehicle.
On October 3, 1983, appellant's trial was held in the Circuit Court of Montgomery County before Judge Mark Kennedy. After deliberations, the jury returned a guilty verdict as to the lesser included offense of manslaughter. Appellant was sentenced to seven years in the penitentiary. This appeal followed.
Appellant's first issue for our review is whether the trial court erred in allowing into admission State's Exhibits 8 and 9, which were photographs of the victim's automobile taken at the scene of the collision.
We are not convinced that the exhibits complained of prejudiced the appellant in any way by their admission into evidence. "The test for determining the admissibility of a photograph is whether it is a true and faithful representation of the place or subject it purports to represent as it existed at a time pertinent to the inquiry." Elmore v. State,414 So.2d 175 (Ala.Crim.App. 1982). For aught that appears in the record, the photographs met this standard of admission.
While the photographs in question in the present case may not have been highly substantive in nature, they were nonetheless admissible if they illuminated any of the issues presented to the jury. Photographs, if relevant, are admissible even though they might have a tendency to inflame the minds of the jury.Lawrence v. State, 409 So.2d 987 (Ala.Crim.App. 1982). Therefore, appellant's alternative argument that the photographs were prejudicial in that they had a probability of "inflaming the jury" is not justifiable.
Alabama's evidentiary rule "affords the trial court a wide and liberal latitude in the admission of photographs illustrative of a criminal transaction and the surrounding circumstances." Lawrence, supra; Arnold v. State,348 So.2d 1092 (Ala.Crim.App. 1977), cert. denied, Ex parte Arnold,348 So.2d 1097 (1977); Lewis v. State, 339 So.2d 1035
(Ala.Crim.App. 1976), cert. denied, 339 So.2d 1038 (Ala. 1976).
For the foregoing reasons, we do not feel that the trial court committed prejudicial error in allowing into evidence State's Exhibits 8 and 9.
The appellant also contends that the trial court erred when it overruled her motion for judgment of acquittal under count two of the indictment. Essentially, the appellant alleges that the second count was insufficient to sustain a verdict of guilty.
During the trial, appellant moved for an acquittal as to count two of the indictment at the close of the State's case and again at the close of all arguments. Both motions were denied by the trial court.
If the trial court committed any error in not granting appellant's motion for judgment of acquittal as to count two of the indictment, the error was not prejudicial to the appellant or her substantial rights. This court has in the past held, and we reaffirm the proposition, that "[w]here one or more counts of a multicount indictment are sustained by the evidence, a general verdict of guilty, as rendered in the instant case, will be referred to the good count." McCormack v. State,431 So.2d 1336 (Ala.Crim.App. 1982); reversed on other grounds, Exparte McCormack, 431 So.2d 1340 (Ala.), on remand,431 So.2d 1341 (Ala.Crim.App. 1983).
Appellant's misleading argument in reliance on Ex parteWashington, 448 So.2d 404 (Ala. 1984), and Northington v. *Page 1213 State, 413 So.2d 1169 (Ala.Crim.App. 1981), would have us believe that the appellant was not informed of the charges against her by way of the indictment, thus violating the principles of the United States Constitution, Amendment VI, and the Alabama Constitution, Article I, Section 6. The facts and findings of our court and the Alabama Supreme Court in the above two cases are quite distinguishable from the case at bar.
In Ex parte Washington, supra, the defendant was indicted on a one-count indictment which charged him with the "intentional" murder of a person. The defendant was subsequently found guilty of murder after the trial judge had charged the jury that they "could convict the defendant of murder if they found that he had acted recklessly." The Alabama Supreme Court concluded that the trial court erred in charging the jury with the "universal malice" murder instruction, since the defendant had not been placed on notice by way of the indictment of the crime he ultimately was charged with having committed — reckless homicide.
Similarly, Northington, supra, held that in an action where the jury finds a defendant guilty of count one of an indictment which charges him with "reckless homicide manifesting extreme indifference to human life" and the evidence does not support a conviction of murder as to the crime he was charged with having committed, then the judgment and conviction cannot stand and must be reversed.
The present case is different in that the appellant was presented with a two-count indictment. The indictment served its purpose in this case. It acquainted the appellant with charges on which she would be called upon to defend herself against and, subsequently, she had ample opportunity to prepare her defense.
In summation, while the trial judge did in fact charge the jury as to both "intentional murder" and "reckless homicide," the intentional murder charge was only a sideline charge or a lesser stressed alternative charge in connection with the reckless homicide charge. A review of the trial judge's charge to the jury convinces us that the thrust of his charge was to the reckless homicide count. The emphasis of the reckless homicide aspect of the trial judge's charge can best be analyzed by reviewing the major portion of the judge's charge. The trial judge charged the jury as follows:
 "I'd like to now charge you as to the specific law dealing with the specific offense that we're here for, that's raised in this indictment. The offense that's raised in this two count indictment states the elements of murder and I'd like to tell you and charge you as to the applicable law of the offense of murder. A person commits the crime of murder one, if he causes the death of another person and in performing the act or acts which caused the death of that person, he or she intends to kill that person or if under circumstances manifesting extreme indifference to human life he recklessly engages in conduct which creates a grave risk of death to a person other than himself and thereby causes the death of another person. So to sustain the charge of murder in this case, the State by the evidence must prove beyond a reasonable doubt each of the following elements of the crime. First, that Beth Marie Jenkins, the alleged victim in this case, is dead. Secondly, that the Defendant, Suzie Nell Hutto, caused the death of Beth Marie Jenkins, that is that she died as a result of the reckless operation of a motor vehicle by the Defendant. And thirdly, that in committing the acts which caused the death of Beth Marie Jenkins, the Defendant acted with intent or thirdly, that under the circumstances manifesting extreme indifference to human life, the Defendant acted recklessly in engaging in conduct which created a grave risk of death to a person other than herself and which in fact caused the death of Beth Marie Jenkins. I'd like to *Page 1214 
define certain legal terms that are applicable to this law defining the elements of murder. The law defines the term with intent as meaning that it was the Defendant's purpose to cause the death of another person. In discussing what amounts to extreme indifference to human life, the law states that what amounts to extreme indifference depends on the circumstances of the particular case. But some shocking, outrageous or special heinousness must be shown. The law further goes on and states that a person acts recklessly with respect to a result or to a circumstance described by a statute defining an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that disregard of it constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation. The law further states that a person who creates a risk but is unaware thereof solely by reason of voluntary intoxication acts recklessly with respect thereto."
The trial judge's charge to the jury went on to embrace lesser included offenses for the jury's consideration.
Furthermore, as stated earlier, the jury returned a general verdict on a lesser included offense than the appellant was charged with having committed. The jury's verdict is therefore referred to the reckless homicide count since it appears that that count would be the more proper count of the indictment in sustaining the conviction. McCormack, supra.
We have carefully searched the record for any errors injurious to the appellant's substantial rights and have found none. Thus, the decision of the court below is due to be affirmed.
AFFIRMED.
All the Judges concur.