TYSON, Judge.
In April, 1983, the Montgomery County Grand Jury returned three indictments against this appellant, each charging Sherer with receiving stolen property in the first degree. The cases were consolidated for trial and the jury found the appellant “guilty as charged” in each case. The appellant was sentenced to eight years’ imprisonment in each case and the sentences were ordered to run concurrently.
I
The sole issue raised by the appellant is whether the trial judge improperly refused to give his requested written jury instruction on circumstantial evidence (number 13).
After the close of evidence the trial judge asked if defense counsel wished to make a specific objection to his refusal to give some of his requested written jury instructions. Defense replied, “Let me enter an objection to the refusal of 12 and 13.” (R. 186).
Although defense counsel specifically objected to the court’s refusal to give his requested written jury instruction number 13, he did not state the grounds of his objection as required by Rule 14 of the Alabama Rules of Criminal Procedure.
Thus, this issue is not preserved for our review. McCormack v. State, 431 So.2d 1336 (Ala.Crim.App.1982), reversed on other grounds, 431 So.2d 1340 (Ala.1983); Allen v. State, 414 So.2d 989 (Ala.Crim.App.1981) affirmed, 414 So.2d 993 (Ala.1982).
Moreover, the trial judge in his oral charge, covered the question of the defense of entrapment raised by the appellant in his written charge, since the State raised the issue of predisposition in rebuttal testimony. Section 12-16-13, Code of Alabama 1975.
This record is free of error. The cause is due to be and the same is hereby affirmed.
AFFIRMED.
All the Judges concur.