This is an appeal from the summary denial of a petition for writ of error coram nobis wherein the appellant contends that he was denied effective assistance of counsel. In his petition, he states that he was convicted under the reckless murder statute, Section 13A-6-2(a)(2), Code of Alabama (1975). He argues that the State's evidence, however, proved that his conduct was directed toward one individual rather than human life in general. Therefore, he contends that his counsel was ineffective for not making the appropriate motion for acquittal at the close of the State's case.
Boatwright v. State, 471 So.2d 1257 (Ala. 1985), held that an appellant is entitled to an evidentiary hearing when his petition is meritorious on its face and, if true, its allegations would entitle him to relief. The appellant is entitled to a hearing on his petition. In Northington v. State,413 So.2d 1169, 1170-71 (Ala.Cr.App. 1981), this Court stated as follows:
 "Reckless homicide manifesting extreme indifference to human life (13A-6-2(a)(2)) must be distinguished from purposeful or knowing murder (13A-6-2(a)(1)). See American Law Institute, Model Penal Code and Commentaries, Part II, Section 210.2 (1980). Under whatever name, the doctrine of universal malice, depraved heart murder, or reckless homicide manifesting extreme indifference to human life is intended to embrace those cases where a person has no deliberate intent to kill or injure any particular individual. Napier v. State, 357 So.2d 1001, 1007 (Ala.Cr.App. 1977), reversed on other grounds, 357 So.2d 1011 (Ala. 1978). 'The element of "extreme indifference to human life" by definition, does not address itself to the life of the victim, but to human life generally.' People By and Through Russel v. District Court For Fourth Judicial District, 185 Colo. 78, 521 P.2d 1254, 1256 (1974)."
The appellant's argument, if true, probably would have resulted in a different outcome in his trial and his representation might have fallen below an objective standard; thus, the appellant has met the requirement of Strickland v. Washington,466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). He should have been granted a hearing to determine whether he was indeed denied effective assistance of counsel. *Page 641 
This case is reversed and remanded to the trial court with instructions that a hearing be held on the appellant's petition.
REVERSED AND REMANDED.
All the Judges concur.