ON REMAND FROM THE ALABAMA SUPREME COURT
On November 10, 1988, this court, by a majority opinion, found that the ruling of the trial court admitting into evidence the testimony of state's witnesses Martha Salter and Sally Ursury constituted reversible error. The decision was based on our finding that the information, which formed the basis of their testimony, was not obtained from the "victims' complaint" and, thus, constituted inadmissible hearsay. On petition of the state, the Alabama Supreme Court granted a writ of certiorari directed to this court and, on December 28, 1989, reversed our judgment and remanded the case to us for further proceedings. 565 So.2d 1153.
Our supreme court, in reversing this court, held that the testimony of Salter and Ursury was based on the details of the "victims' complaints." The Court, while noting that the details of a complaint are generally inadmissible, further held that the witnesses' testimony was admissible in the instant case, since it fell within an exception to the general rule that provides that the details of a complaint can be brought out where the victim has been subjected to cross-examination which was calculated to reflect upon the credibility of the victim as a witness. Cady v. State, 455 So.2d 101 (Ala.Crim.App. 1984).
On remand, we have again reviewed all of the issues raised by the appellants that were not addressed in our original opinion. Since the appellants do not challenge the sufficiency of the evidence to support their convictions, we find it unnecessary to recite the facts of these cases in detail. However, we think that one issue merits discussion. Appellants contend that the trial *Page 1156 
court erred in allowing an expert witness to testify that, in her opinion, the victims had been sexually abused. They argue that the witness's testimony constituted an opinion on the ultimate issue of fact. We do not agree.
Sue Joy testified that she had been employed in the Department of Human Resources since 1973; that her area of expertise was sexual abuse cases; that she supervised the sexual abuse unit of the department; that she had a master's degree in social work; that she had attended numerous seminars and special schools for instruction in the field of sexually abused children; and that she had handled "thousands" of cases involving sexually abused children and had interviewed "thousands" of such children. She further testified that she had interviewed the victims in the instant case from five to seven times; that she had investigated the victims' family; and that she had "looked" at the entire file and at all of the reports concerning the case. We conclude that the trial court properly ruled that the witness was qualified to testify as an expert.
The record shows the following:
 "MR. WHETSTONE [Prosecuting attorney]: . . . [H]ave you formed an opinion as to whether or not these children fit the classification of abused children, or coming from an abused family home life?
"[MRS. JOY]: Yes, sir.
 "MR. SUTLEY [Defense counsel]: . . . I want to object to that on the grounds that, Number One, she is attempting to give an answer to the ultimate issue in fact. . . . Number Two, it's an improper predicate. Number Three, she's not qualified to testify to that.
 "THE COURT: She sounds like she is real qualified to me. Overrule the objection.
"MR. WHETSTONE: What is that opinion, Mrs. Joy?
 "MRS. JOY: These children have been sexually abused."
With "near unanimity" courts have recognized that this type of expert testimony can assist the jury in understanding the evidence introduced in child sexual assault cases. State v.Catsam, 148 Vt. 366, 534 A.2d 184, 187 (1987), and cases cited therein. See also Mims v. State, 500 So.2d 100 (Ala.Cr.App. 1986); Allen v. State, 472 So.2d 1122 (Ala.Cr.App. 1985); Statev. Gray, 533 So.2d 1242 (La.Ct.App. 1988); State v. Patrick,513 So.2d 449 (La.Ct.App. 1987); Stephens v. State,774 P.2d 60 (Wyo. 1989). See generally Moss v. State, 545 So.2d 230
(Ala.Cr.App. 1989); Sasser v. State, 494 So.2d 857 (Ala.Cr.App. 1986).
In the instant case, Mrs. Joy's testimony was not tantamount to an opinion on how the case should be resolved or whether appellants were guilty. Her testimony established the facts upon which her expert opinion was based. In our opinion, her testimony enlightened the jury in an area beyond the average lay person's knowledge and assisted it in arriving at the truth. She did not express an opinion on appellants' guilt, but stated only that, in her opinion, the children had been sexually abused. The ultimate fact in issue was whether appellants abused the children. While it is true that a witness may not give an opinion concerning the ultimate fact in issue, this is not such a case. We do not view Mrs. Joy's statement that the victims had been sexually abused as testimony relating to the ultimate issue. Under the facts of this case, Mrs. Joy's opinion that the children had been sexually abused was not erroneously admitted into evidence.
We have reviewed the remaining issues raised on appeal and find no merit in them. Accordingly, the judgment of the circuit court is due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur. *Page 1157