BOWEN, Judge.
Culbert Louis Leverett was convicted of murder and was sentenced to 30 years’ imprisonment. He raises four issues on this appeal from that conviction.
I.
Contrary to the appellant’s argument, the prosecution did prove venue. There was testimony that the homicide occurred outside the residence located at 713 Dallas Street in Prichard, which is located in Mobile County. R. 8-9.
II.
After the appellant’s arrest, his automobile was taken to the police station where a search revealed a box of .25 caliber bullets. There was no pre-trial motion to suppress and an objection to the search and the admission of the box of bullets was *482 initially made at trial. R. 66, 67. The trial court overruled the appellant’s objection and admitted the box of bullets into evidence.
After the State had rested in its case-in-chief, the appellant made a motion for a judgment of acquittal and the following occurred:
“THE COURT: All right. Deny your motion. I’m thinking I probably made an error letting that box of shells in. So, if you want me to exclude that, I will.
“MR. COUMANIS [prosecutor]: Judge, pursuant to an inventory search after he was in custody.
“THE COURT: You know, the first time anybody mentioned inventory was when you mentioned it right then. So, anyhow, if you want me to exclude it, I will. But you know, I understand you can’t unring a bell, Mr. Coleman [defense counsel].
“MR. COLEMAN: And I don’t know if the box of shells don’t make any difference one way or another.
“THE COURT: Not with the clip in his pocket.
“MR. COLEMAN: Would your Honor reserve your ruling until I have time to meditate on it during my lunch break?
“THE COURT: Yes, sir.” R. 82-83.
Here, as the trial court properly noted, the prosecution made absolutely no attempt to establish the predicate that the search was an inventory search. See Ex parte Boyd, 542 So.2d 1276 (Ala.), cert. denied, 493 U.S. 883, 110 S.Ct. 219, 107 L.Ed.2d 172 (1989). However, defense counsel never exercised his option to have the box of bullets excluded. Consequently, this issue has been waived and the appellant cannot now be heard to complain.
Furthermore, as defense counsel implied, the admission of the box of bullets was harmless. A .25 caliber magazine or “clip” was discovered in the appellant’s pocket and a box for a .25 caliber pistol was discovered in plain view on the seat of the appellant’s vehicle. Although the actual murder weapon was never discovered, the appellant admitted that the victim was shot with his .25 caliber pistol, although he claimed that the shooting was accidental.
III.
The appellant claims that the State failed to present a prima facie case.
The appellant was charged with intentional murder, pursuant to Ala.Code 1975, § 13A-6-2(a)(l), and with reckless murder, in violation of § 13A-6-2-(a)(2). At the close of the State’s case, defense counsel made the following motion:
“Judge, at this time, I’d move for a judgment of acquittal or a directed verdict on the grounds that the State has failed to make out .a prima facie case in that it failed to prove jurisdiction, venue, cause of death, or that this defendant was in any way related to the cause of death.” R. 82.
This objection was properly denied. The State presented eyewitness testimony that the appellant deliberately and intentionally shot the victim at least three times.
However, the jury convicted the appellant, not of intentional murder, but of reckless murder. According to the State’s evidence, although there were other persons standing near the victim who could have been injured by the shooting, the appellant deliberately and intentionally directed his actions towards the victim. Where a defendant’s acts are specifically directed at a particular victim and no other, the defendant cannot be convicted of murder under the statute dealing with reckless homicide manifesting extreme indifference to human life. Northington v. State, 413 So.2d 1169 (Ala.Cr.App.1981), cert. quashed, 413 So.2d 1172 (Ala.1982). See McLaughlin v. State, 586 So.2d 267 (Ala.Cr.App.1991).
At the close of all the evidence, defense counsel made the following motion:
“And I’d also point out to the Court that this is a two-count indictment, both of which charge the defendant with the same offense. And I would move that at least one count of the indictment be stricken before it goes to the jury.” R. 114.
*483 The trial judge denied that motion, stating that he would submit both counts to the jury but instruct that the jury could only return a verdict on one count. The appellant made no objection to the oral charge of the trial court and there was no motion for a new trial. In this case, the “Northing-ton” issue was not raised at trial and is not raised on appeal. Moore v. State, 415 So.2d 1210 (Ala.Cr.App.), cert. denied, 459 U.S. 1041, 103 S.Ct. 459, 74 L.Ed.2d 610 (1982).
IV.
In closing argument the prosecutor stated: “Defense counsel spoke of a paraffin test, a paraffin test. If a paraffin test would have done any good, don’t you think Mr. Coleman [defense counsel] would have presented some evidence? There is no evidence — .” R. 119. We agree with the trial court’s ruling that this was “simply a reply to the argument” of defense counsel that “the State could have very easily run a simple test on the defendant to prove whether or not he had fired a firearm on that night.” R. 120, 118. Ex parte Rutledge, 482 So.2d 1262 (Ala.1984).
The judgment of the trial court is affirmed.
AFFIRMED.
All Judges concur.