50 So.3d 1128 (2009)
Travis Jay FOSTER
v.
STATE of Alabama.
CR-08-0258.
Court of Criminal Appeals of Alabama.
August 28, 2009.
Rehearing Denied October 2, 2009.
Certiorari Denied June 18, 2010 Alabama Supreme Court 1090058.
Robert B. Tuten, Huntsville, for appellant.
Troy King, atty. gen., and Marc Alan Starrett, asst. atty. gen., for appellee.
MAIN, Judge.
AFFIRMED BY UNPUBLISHED MEMORANDUM.
WISE, P.J., and KELLUM, J., concur.
WINDOM, J., concurs in the result.
WELCH, J., dissents, with opinion.
WELCH, Judge, dissenting.
I disagree with the majority's determination, in part II of its unpublished memorandum, that the trial court committed no error when it permitted Investigator Fred Sharp to testify about the victim's credibility, specifically, whether he believed the victim's disclosure that she had been raped by Travis Jay Foster. Investigator Sharp's testimony embraced the ultimate issue in this case and, therefore, that testimony interfered with the jury's role as fact-finder. Therefore, the testimony should not have been admitted.
"Alabama has long held that the credibility of a witness is a question solely for the jury's determination." Sanders v. State, 986 So.2d 1230, 1234 (Ala.Crim.App. 2007) (citations omitted). Rule 704, Ala. R. Evid., provides that "[t]estimony in the form of an opinion or inference otherwise admissible is to be excluded if it embraces an ultimate issue to be decided by the trier of fact." The Advisory Committee's Notes following Rule 704 state, in relevant part:
"Evidence of an opinion that goes to an ultimate issue in the case is inadmissible, whether offered by a lay witness or by an expert witness. McLeod v. Cannon Oil Corp., 603 So.2d 889 (Ala. *1129 1992); Robinson v. State, 574 So.2d 910 (Ala.Crim.App.1990). See C. Gamble, McElroy's Alabama Evidence § 127.01(5)(d) (4th ed.1991). The basis for the preclusion is the fear that the admission of such an opinion will preempt the role and function of the factfinder..... That principle is often referred to as the `ultimate issue rule.'
"The adoption of Rule 704 constitutes a rejection of the corresponding federal rule, under which the ultimate issue rule is abandoned. See Fed.R.Evid. 704(a)."
"An ultimate issue has been defined as the last question that must be determined by the jury." Fitch v. State, 851 So.2d 103, 116 (Ala.Crim.App.2001), quoting Tims v. State, 711 So.2d 1118, 1125 (Ala.Crim.App. 1997). While caselaw has liberalized application of the ultimate-issue rule in Alabama, see, e.g., Fitch v. State, 851 So.2d at 117, that rule has not been abrogated.
In Sanders v. State, this Court stated:
"We have held that the ultimate issue in similar cases is whether the defendant had sexually abused the child, not whether the child had in fact been sexually abused. See Lee v. State, 565 So.2d 1155 (Ala.Crim.App.1990). Experts are permitted to testify concerning their opinion as to whether a child has been sexually abused. Kennedy v. State, 929 So.2d 515, 519 (Ala.Crim.App.2005)."
986 So.2d at 1232 (emphasis in original).
The majority here cites to and quotes Sanders, but it then holds:
"In this case, Investigator Sharp testified that he believed that the victim was credible. (R. 160-61.) He did not testify or give his opinion regarding the ultimate issue concerning Foster's guilt. Therefore, the trial court did not abuse its discretion in allowing Investigator Sharp's testimony on this ground."
I disagree with the majority's characterization of Investigator Sharp's testimony, a portion of which included the following exchange:
"Q. [Prosecutor] Sir, I believe you had told us earlier you did interview [the victim] in this case, correct?
"A. [Inv. Sharp] Yes, sir, I did.
"Q. You did do what you classify as a forensic interview; is that correct?
"A. Yes.
"Q. You did look for those characteristics and things you've been taught in your training and experience to look for in determining whether a disclosure's credible or not; is that correct?
"A. Yes, sir.
"Q. Based upon your forensic interview with [the victim], were you able to make a determination as to whether you felt that her disclosure was credible or not?

"A. Yes, sir, I was.
"Q. What was that?
"[Defense counsel]: Objection, Your Honor, same as stated previously.[1]
"THE COURT: I understand. Overruled.
"Q. What was that determination?
"A. I believe that [the victim] was credible in her disclosure."
(R. 159-160.)(Emphasis added.)
The disclosure the victim had made to Investigator Sharp revealed not only the fact that she had been raped, but also that she had been raped by Foster. Investigator Sharp's testimony most certainly encompassed the ultimate issue in this case, and the trial court erred to reversal when *1130 it overruled Foster's objection to that testimony. Although there was additional testimony that Foster had raped the victim, Investigator Sharp's testimony provided a substantial boost to the victim's credibility because Investigator Sharp was offered as an expert who had extensive training in forensic interviews in child-abuse cases and who had testified hundreds of times in cases in which he had conducted forensic interviews. Foster's substantial rights were significantly prejudiced by Investigator Sharp's testimony, which invaded the province of the jury, so the error in admitting that testimony cannot be considered harmless.
I believe that Foster's conviction should be reversed and the cause remanded for further proceedings. Therefore, I dissent.
NOTES
[1] Foster had previously objected on grounds that Investigator Sharp's proposed testimony, vouching for the credibility of the victim, would invade the province of the jury and would violate the ultimate-issue rule. (R. 139-44.)